# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Norfolk Division

KENNETH SWEETING, #1167527,

   Petitioner,

v.

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

   Respondent.

ACTION NO.
2:09cv252

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

## I. STATEMENT OF THE CASE

### A. Background

Petitioner Kenneth Sweeting ("Sweeting") was convicted in the Circuit Court for the City of Newport News on October 28, 2005 of: possession of a firearm by a convicted felon; possession of marijuana with intent to distribute; the manufacture, sale or distribution of a controlled substance; and possession of a firearm while distributing or possessing with intent to distribute a controlled substance. He was sentenced to a term of two years imprisonment for the conviction of possession of a firearm as a convicted felon, five years imprisonment, with five years suspended, for the conviction of possession of marijuana with intent to distribute, ten years, with ten years suspended, for the conviction of the manufacture, sale or distribution of a controlled substance, and five years

for the conviction of the possession of a firearm while distributing or possessing with intent to distribute a controlled substance. The Court of Appeals of Virginia denied Sweeting's direct appeal on November 30, 2006. The Supreme Court of Virginia refused Sweeting's petition for appeal on April 25, 2007.

Sweeting filed his state habeas petition in the Circuit Court for the City of Newport News on April 8, 2008. By final order dated June 3, 2008, the Circuit Court dismissed the petition. Shortly thereafter, Sweeting attempted three times to note his appeal to the Supreme Court of Virginia, but his petition for appeal was finally denied on March 24, 2009, on the grounds that he "failed to timely file the notice of appeal . . ." [Order Den. Pet.] [Doc. No. 11 Ex. I].

Sweeting, presently in the custody of the VDOC at the Wallens Ridge State Prison in Big Stone Gap, Virginia, filed this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 27, 2009. [Doc. No. 1]. On July 21, 2009, Respondent filed a Rule 5 Answer and Motion to Dismiss. [Doc. No. 11]. Sweeting filed a Response in Opposition to the Motion to Dismiss on August 14, 2009. [Doc. No. 15]. Accordingly, this matter is now ripe for adjudication.

**B.    Grounds Alleged**

Sweeting asserts that the following entitle him to relief under 28 U.S.C. § 2254:

(1) the Virginia Supreme Court was in error by denying his petition for state habeas relief when it stated that he did not timely file his notice of appeal from the Circuit Court;

(2) the Circuit Court erred in finding that he failed to show deficient performance, and resulting prejudice, on the part of his trial counsel based on counsel's failure to produce evidence regarding alleged perjury;

(3) the Circuit Court erred in finding that he failed to show deficient performance, and resulting prejudice, on the part of his trial counsel based on counsel's failure to request, and

obtain, all physical evidence.

C. **Respondent's Counter-Argument**

The Attorney General of Virginia, on behalf of the respondent, argues the following deny Sweeting relief:

(1) petitioner's claims are time barred under 28 U.S.C. 2241(d)(1),

(2) petitioner's claims B & C [(2) and (3) above] are procedurally barred under Rule 5:9(a) of the Rules of the Supreme Court of Virginia, and

(3) petitioner's claims are without merit

## II. <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

Although this Court finds Sweeting's claims are not procedurally barred, and therefore not barred by the applicable statute of limitations, his claims are without merit and his petition for a writ of habeas corpus should be denied.

A. **Procedural Bar: Noting the Appeal**

Under Rule 5:9 of the Rules of the Supreme Court of Virginia, "[n]o appeal shall be allowed unless, within 30 days after the entry of final judgment or other appealable order or decree, or within any specified extension thereof . . . counsel for the appellant files with the clerk of the trial court a notice of appeal . . . ." Va. Sup. Ct. R. 5:9(a). Sweeting filed his state habeas petition in the Circuit Court for the City of Newport News on April 8, 2008. By final order dated June 3, 2008, the Circuit Court dismissed the petition. At that point, Sweeting's 30-day clock to note an appeal to the Supreme Court of Virginia began. Thus, in order to preserve his appeal Sweeting was required to file his notice by July 3, 2008. As discussed below, although Sweeting's first and third notices of appeal were flawed, his second attempt was in compliance with Virginia law and the Rules of the Supreme Court of Virginia.

3

**First attempt**: Sweeting diligently attempted several times to note his appeal, his first effort was on May 26, 2008. It is important to note that this first attempt was filed *before* the Newport News Circuit Court dismissed the state habeas petition in its order on June 3, 2008. The early filing notwithstanding, the fact that Sweeting's notice preceded the final order is not dispositive of his argument that the notice was proper. A cursory inspection of the rule makes clear that no appeal shall be permitted unless filed within 30 days *after* the entry of the final judgment or other appealable order. Va. Sup. Ct. R. 5:9(a) (emphasis added). As the rule continues, however, it also specifies that "a notice of appeal filed after the court announces a decision or ruling–but before the entry of judgment or order–is treated as filed on the date of and after the entry." *Id.*

Although the Attorney General is correct that this attempt was deficient, it is not simply because "this notice was filed *before* the final order had been entered . . . and was therefore invalid . . . ." [Br. Mot. Dismiss at 9] [Doc. No. 11]. The rule explicitly states that noting an appeal before entry of the final order is permissible, if appealing the announcement of a decision or ruling already made by the court. In other words, a party need not wait until the oral decision is reduced to a written order to note its appeal.

Still, Sweeting's notice fails, in this attempt, because he confused what he believed to be the court's announcement of a ruling, with the Attorney General filing a motion to dismiss the habeas petition. Believing the Attorney General's pleading to be the court's ruling, Sweeting prematurely noted his appeal. [Am. Not. of Appeal] [Doc. No. 15 Ex. A-7]. As a result, since Sweeting filed his first notice of appeal before entry of the court's final order, or even before the court's announcement of its decision on the motion to dismiss, it was an improper notice of appeal, and thus invalid.

**Second attempt**: Sweeting's second attempt to note his appeal was in early June. As the

4

Attorney General acknowledges in his motion to dismiss, this notice was filed on June 10, 2008. [Br. Mot. Dismiss at 9] [Doc. No. 11]. The Attorney General also admits that this notice was filed within the applicable 30 day time frame. *Id.* Yet, for some reason, he rather summarily supposes that the notice was deficient because the final order being appealed was entered on June 3, 2008, and not May 20, 2008--as Sweeting referenced in the second notice. [Am. Not. of Appeal] [Doc. No. 15 Ex. A-7].

In fact, though, Virginia courts have not taken such a rigid view regarding the procedural perfection of the notice of appeal. Instead, if the appellant meets the jurisdictional requirement of timely filing, and places the appellee on notice of the continuing litigation, courts will overlook minor procedural errors. *See Carlton v. Paxton*, 14 Va. App. 105, 111 (Va. Ct. App. 1992) (refusing to dismiss appeal even though the notice referred to trial court's original order rather than the order issued following reconsideration); *Christian v. Va. Dep't of Soc. Serv.*, 45 Va. App. 310 (Va. Ct. App. 2005) (permitting insubstantial defects in a timely filed appeal where no genuine doubt exists about who is appealing, from what judgment, to which appellate court). As the court in *Christian* explained, "[n]either the Rules nor prior case decisions mandate dismissal of an appeal when an error of reference and not timely filing is at issue." *Id.* at 315.

Contrary to the previous guidance of the Supreme Court of Virginia, that the rules are designed to protect the appellee, not to penalize the appellant, *Carlton*, 14 Va. App. at 110 (*citing Avery v. County Sch. Bd.*, 192 Va. 329 (1951)), in the respondent's brief, the Attorney General dismissed Sweeting's second notice of appeal out-of-hand, without considering its penalizing effect, and without citing any law to support its dismissive conclusion. [Br. Mot. Dismiss at 9] [Doc. No. 11]. As *Carlton, Christian,* and *Avery* demonstrate, an insignificant defect in the notice of appeal

should not be fatal and should not serve as the grounds to dismiss a notice of appeal.

Here, the only flaw the respondent addresses is the fact that Sweeting mis-cited the date of the order he was appealing. There is no confusion as to whom is appealing, what ruling he is appealing, or to what court he is appealing. In light of the Virginia case law on point, this Court can find no reason why Sweeting's second notice of appeal was deficient. As a result, the notice of appeal should be treated as properly noted for purpose of the federal tolling statute.

**Third attempt:** Lastly, Sweeting filed one final notice of appeal on July 29, 2008. As the Attorney General rightly points out, this notice was well beyond the July 3, 2008 deadline and was, therefore, untimely.

To summarize the argument regarding the procedural bar, the Attorney General claims that Sweeting is procedurally barred from proceeding because his petition for a writ of habeas corpus was dismissed by the Virginia Supreme Court. His petition was dismissed because his notice of appeal was allegedly defective. This supposed defect arose because Sweeting referred to the wrong date of the Circuit Court's order. There is no legal justification, however, to support the summary dismissal of Sweeting's mis-cited notice of appeal. This fact has ramifications on the remainder of Sweeting's claims because if there is no procedural bar, then there is no resumption of the one-year statute of limitations. And, if the statute of limitations remains tolled, then Sweeting's federal habeas claims are not time barred, and the merits may be addressed.

## B. Statute of Limitations

The statute of limitations for actions under § 2254 is provided as follows:

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; .... 28 U.S.C. § 2244(d)(1) (2009).

Importantly, subsection (d)(2) also notes that "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (2009) (emphasis added).

In this case, Sweeting's one year time-limit to file his federal habeas petition commenced on July 25, 2007; this date represents the time his judgment became final-- the deadline to seek a writ of certiorari in the United States Supreme Court. If Sweeting had not filed a habeas petition in state court, his cut-off date to file a federal § 2254 action would have been July 25, 2008. However, as mentioned in Part II-A, Sweeting filed his state habeas petition with the Newport News Circuit Court on April 8, 2008. At that point, the statute of limitations was tolled in accordance with § 2244(d)(2). Still, by the time Sweeting filed his state habeas petition, 258 days had elapsed from his one year time limit, leaving him with 107 days left to file a federal habeas claim in the event, and commencing the day, that his state petition was denied. As discussed, Sweeting's state habeas petition was refused by the Supreme Court of Virginia, and he did not file his federal § 2254 petition until May 27, 2009. Therefore, unless the statute was tolled, the petition would be time barred, as nearly 22 months passed between the time Sweeting's judgment became final and the time he filed his § 2254 claim. Sweeting argues that time includes the period from April 8, 2008 until March 24, 2009.[1] Conversely, the Attorney General argues that Sweeting's state habeas proceeding was not

---

[1]This period represents the time commencing with his filing of his state habeas petition in the Newport News Circuit Court until the dismissal of his petition for appeal by the Supreme

tolled from June 3, 2008 to May 27, 2009, and as a result, it is time barred.[2] The status of this disputed time period is determinative of the respondent's time-bar argument. But first, a review of the alleged procedural bar is imperative to understand whether Sweeting's state court habeas appeal tolled the deadline for his federal petition under § 2244(d)(2).

In order to understand the Attorney General's position it is important to take it step by step. First, he argues that Sweeting's substantive ineffective assistance of counsel claims are time barred in accordance with § 2244 because they were untimely filed by 198 days.[3] To support this contention he relies on the argument that a procedural bar invalidated the tolling provision of the federal habeas statute, § 2244(d)(2). The procedural bar is substantiated by the argument that, although timely, Sweeting's second notice of appeal was improperly filed because it referenced the May 20, 2008 motion to dismiss and not the June 3, 2008 Circuit Court order. Thus, the respondent's argument can be reduced to the proposition that, because Sweeting improperly filed his notice of appeal (by mis-citing the date of the order he was appealing from) the statute of limitations of § 2244 was not tolled. This position has flaws based on both state and federal law.

First, as discussed above in Part II-A, Virginia courts have come to the opposite conclusion regarding the substantive issue of properly filing a notice of appeal. *See Carlton v. Paxton*, 14 Va.

---

Court of Virginia.

[2]This period represents the time from the Newport News Circuit Court's dismissal of the state habeas petition until the date Sweeting filed his federal habeas petition.

[3]The respondent claims the § 2254 petition was untimely by 198 days, relying on April 4, 2009 as the date Sweeting filed his petition. [Br. Mot. Dismiss at 7] [Doc. No. 11]. This Court's records reflect that the § 2254 petition was filed on May 27, 2009, adding 54 days for a total of 252 days late, if the statute of limitations was not tolled.

8

App. 105, 111 (Va. Ct. App. 1992); *Christian v. Va. Dep't of Soc. Serv.*, 45 Va.App. 310 (Va. Ct. App. 2005). Furthermore, the United States Supreme Court has provided guidance as to what constitutes a proper filing with respect to § 2244. In *Artuz v. Bennett*, 531 U.S. 4 (2000), the Court held that "'[a] paper is filed when it is delivered to the proper official and by him received and filed.'" *Id.* at 8 (citing *United States v. Lombardo*, 241 U.S. 73, 76 (1916)). And, "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Id.* Here, the proper official was notified as Rex A. Davis, the Clerk of the Circuit Court of Newport News, mailed Sweeting confirmation on August 18, 2008, notifying him that the record was being sent to the Supreme Court of Virginia. [Resp. Opp'n Mot. Dismiss] [Doc. No. 11 Ex. A-3]. Additionally, as discussed, the notice of appeal was timely filed in accordance with rule 5:9(a), and the Virginia cases, despite the mistaken reference to the date of the order. *See supra* Part II-A.

The Attorney General cites *Pace v. Diguglielmo*, 544 U.S. 408 (2005), for the proposition that "when a postconviction petition is untimely under state law, 'that is the end of the matter' for purposes of § 2244(d)(2)." *Id.* at 414. This Court does not disagree with that conclusion, however, *Pace* is distinguishable from Sweeting's case in at least two regards. First, the *Pace* decision involved an untimely *petition* for appeal. Here, Sweeting's petition for appeal was timely filed, and, in fact, the Clerk of the Supreme Court of Virginia sent Sweeting confirmation to that effect. [Resp. Opp'n Mot. Dismiss] [Doc. No. 11 Ex. A-10]. Instead, this case involves a *notice* of appeal, something quite distinguishable as the Clerk of the Supreme Court pointed out in her April 3, 2009 letter to Sweeting. [Resp. Opp'n Mot. Dismiss] [Doc. No. 11 Ex. A-19]. Second, the notice of appeal was not actually "untimely" under state law for two reasons. As the respondent admits, the

notice of appeal was filed on June 10th, within the period provided for by rule 5:9(a). [Br. Mot. Dismiss at 9] [Doc. No. 11]. And further, the Virginia cases permit defects in notices of appeal without causing a total default that would otherwise defeat a timely filed notice. *See supra* Part II-A.

Still, it could be argued that *Pace* requires deference to the state court-of-last-resort in its determination of state law. In other words, if the Supreme Court of Virginia says Sweeting's notice was untimely, then Sweeting's notice must have been untimely. In this case, that suggestion is particularly without merit given the terse explanation provided by Supreme Court of Virginia in the dismissal of Sweeting's appeal which did not consider other Virginia cases on the issue.[4] For the substantive reason set forth above[5] the option of deferring to the Supreme Court of Virginia without quarrel is not appealing. Further, because this Court relies on the Supreme Court's interpretation of "properly filed" with respect to § 2244(d)(2) as discussed in *Artuz*, the *Pace* reference, while enlightening, is not dispositive as to the effect of Sweeting's second notice of appeal on the tolling of the statute for purposes of federal habeas review.

In sum, this Court finds that Sweeting properly filed his notice of appeal of the decision dismissing his state habeas petition by the Circuit Court for the City of Newport News. Virginia case-law, supported by Supreme Court interpretation regarding §2244(d)(2), shows this notice of

---

[4]The Court's dismissal, in its entirety, states: "Finding that the appeal was not perfected in the manner provided by law because the appellant failed to timely file the notice of appeal, the Court dismisses the petition filed in the above-styled case. Rule 5:9(a)." [Order Den. Pet.][Doc. No. 11 Ex. I].

[5] That is, because the Virginia courts which have ruled on the matter have allowed minor defects in notices of appeal and have come to an opposite conclusion to that which the respondent suggests.

10

appeal was properly filed even though Sweeting mis-labeled the date of the order he was appealing. As a result of having submitted a proper notice of appeal, the statute of limitations under § 2244(d)(2) was tolled while the state petition was pending. Upon the Virginia Supreme Court's dismissal of Sweeting's petition on March 24, 2009, the statute of limitations resumed, at which point Sweeting had a remaining 107 days to file his federal habeas claim. Sweeting filed his § 2254 petition approximately two months later, within the one-year statute of limitations on May 27, 2009, thus his substantive claims are neither time-barred nor procedurally barred, and this Court may address the merits of Sweeting's ineffective assistance of counsel claim.

## C.     Merits

Pursuant to 28 U.S.C. § 2254, a federal court may not grant relief on any claim that the Virginia Supreme Court adjudicated on the merits unless the Virginia Supreme Court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1)-(2) (2009).

The United States Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." *Williams v. Taylor*, 529 U.S. 362, 386 (2000) (internal citations omitted). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Id.* at 389.

Sweeting makes several claims of error in both his § 2254 petition for a writ of habeas corpus [Doc. No. 1] as well as his brief in opposition to the Attorney General's motion to dismiss. [Doc.

No. 15]. In reviewing each pleading, many of the claims can be dismissed as procedurally moot, leaving bare his constitutional arguments for review.

To start, in Sweeting's § 2254 petition he asserts three claims as grounds for relief. First, Sweeting alleges the Supreme Court [of Virginia] was in error by denying his petition by stating that his notice of appeal was not filed in time when it was previously acknowledged and "granted" as timely filed. [Pet. at 6] [Doc. No. 1]. Second, Sweeting alleges the Circuit Court erred in finding that he failed to show "deficient performance" on the part of his trial counsel, and resulting prejudice, based on trial counsel's failure to produce prior statements of alleged perjury in an affidavit for a search warrant made by Detective Clinedinst. [Pet. at 7] [Doc. No. 1]. Third, Sweeting alleges the Circuit Court erred in finding that he failed to show "deficient performance" on the part of his trial counsel, and resulting prejudice, based on trial counsel's failure to request and obtain all physical evidence, names of all witnesses, DNA, fingerprint lab test results, and exculpatory evidence upon his request for his motion for discovery. [Pet. at 9] [Doc. No. 1].

**Claim One**: Insomuch as Sweeting's first claim applies to seeking review in this Court, the claim is moot. Having decided that this Court may entertain Sweeting's substantive claims for the reasons set forth in Parts II-A & B, it is unnecessary to assign any further error to the Supreme Court of Virginia.

**Claim Two**: Sweeting's second claim, and first regarding ineffective assistance of counsel, complains that Sweeting's attorney failed to prove that the Commonwealth's witness, Detective Clinedinst, had perjured himself at trial. To be clear, Sweeting actually argues that the Circuit Court erred in finding that he did not make a showing of ineffective assistance of counsel. [Pet. at 7] [Doc. No. 1]. Essentially, Sweeting is appealing to overturn the Circuit Court's decision. As discussed

above, that is not the role of this Court. *See Williams*, 529 U.S. at 389 ("We all agree that state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated."). On its face Sweeting's petition does not assert a federal constitutional right that has been violated, and thus, pursuant to 28 U.S.C. § 2254, is not properly before this Court. For sure, Sweeting raises the sixth amendment issue of ineffective assistance of counsel, however, he does as a sub-text for attacking the Circuit Court's decision. This procedural error notwithstanding, even giving Sweeting, a pro se litigant, the benefit of the doubt, his sixth amendment claim is without merit.

The constitutional standard for ineffective assistance of counsel places a heavy burden on the defendant. As the Court noted:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial . . . . *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Furthermore, this standard is coupled with the limited federal review of state court decisions provided for by *Williams*. In other words, in order for a writ to issue in this case, Sweeting has to show: that his counsel failed to meet the minimum threshold competency required under *Strickland*; prove that the lack of effective assistance prejudiced his defense to the point of producing an unfair trial; and then show that a federal constitutional violation resulted.[6]

Specifically, underlying Sweeting's second claim, he states that his attorney was ineffective

---

[6]Admittedly, if Sweeting could show both prongs of *Strickland*, then his federal constitutional rights would be implicated.

because he failed to produce evidence that Detective Clinedinst committed perjury as a result of the variance between his affidavit and trial testimony. [Pet. at 7] [Doc. No. 1]. As the Circuit Court rightly pointed out, Sweeting's trial counsel noted in his affidavit that, "although the police had originally intended on serving the petitioner with a search warrant, once the petitioner was located, he ran from the officers. This gave the officers 'the right to chase [the petitioner]' and rendered moot any subsequent challenge to the search warrant." [Br. Mot. Dismiss] [Doc. No. 11 Ex. G]. The decision of Sweeting's attorney not to elicit evidence regarding Detective Clinedinst's testimony does not rise to the level of an unreasonable exercise (or lack thereof) of professional judgment. *See Strickland*, 466 U.S. at 690. In fact, as the Circuit Court noted, "it would have been futile for counsel to challenge the search warrant because it no longer had any effect on the outcome of the case." [Br. Mot. Dismiss] [Doc. No. 11 Ex. G]. Considering that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" Sweeting did not show that his trial counsel was ineffective, or that the Circuit Court violated his federal rights, because he did not pursue an ineffectual line of questioning. *Strickland*, 466 U.S. at 689. Having failed to show counsel erred, it is unnecessary to review prejudice to Sweeting's defense.

**Claim Three**: Lastly, Sweeting bases his third claim on the Circuit Court's alleged error in finding that he failed to show "deficient performance" on the part of his trial counsel because of counsel's failure to request and obtain various pieces of physical evidence. [Pet. at 9][Doc. No. 1]. Here too, Sweeting is appealing to overturn the Circuit Court's decision. As discussed above, that is not the function of this Court. *See Williams*, 529 U.S. at 389. It is this Court's role to see if a federal constitutional right has been violated. *Id.* Again, however, even giving Sweeting the benefit

of the doubt, his sixth amendment claim is without merit.

The *Strickland* standard set out above in Claim Two, likewise applies to Sweeting's claim of ineffective assistance of counsel with respect to the failure to obtain physical evidence. This time as well, the Circuit Court properly concluded that Sweeting failed to meet his burden.

With respect to DNA testing on the firearm, the Circuit Court noted that counsel informed Sweeting that if any DNA were found on the gun and the gun returned with prints, hair, or DNA, Sweeting's "fate would be sealed." [Br. Mot. Dismiss] [Doc. No. 11 Ex. G]. As a result, Sweeting decided that he didn't want the testing done. The strong presumption that counsel's conduct falls within wide range of reasonable professional assistance must certainly militate in favor of Sweeting's counsel in making decisions that can be potentially incriminating. *See Strickland*, 466 U.S. at 689. Having not satisfied the first prong of Strickland (that is, that counsel committed errors so egregious as not to be functioning as "counsel") it is unnecessary to review if Sweeting's defense was prejudiced.

Sweeting's next challenge pertains to counsel's alleged ineffectiveness because he did not request photos of the gun, or to have the gun seen in plain view during trial. Supposedly, such a display of the weapon would have "proven" the gun existed. [Br. Mot. Dismiss] [Doc. No. 11 Ex. G]. While it is unclear what Sweeting is arguing such a display would have accomplished, it is perfectly well reasoned that "[c]ounsel did not need a photograph of the gun because it would have merely been cumulative of the gun itself and would not have done anything to prove or disprove the petitioner's possession of the gun." *Id.* Thus, counsel's decision not to introduce cumulative evidence can very easily be classified as sound trial strategy. *See Strickland*, 466 U.S. at 689. Again, having not satisfied the first prong of Strickland, it is unnecessary to review if Sweeting's

defense was prejudiced.

Sweeting's last challenge, as it relates to the physical evidence, is that his counsel failed to obtain a list of the Commonwealth's witnesses. According to counsel's affidavit, he did obtain a list of the Commonwealth's witnesses. Therefore, this assertion is unfounded, and it is unnecessary to review any perceived error on the part of counsel, or alleged prejudice to Sweeting's defense.

Finally, Sweeting makes three repetitive arguments in his Response in Opposition to the Motion to Dismiss. [Doc. No. 15]. His first two claims, A & B in the brief, restate Claim One, above, and for the same reason are moot. Claim C in Sweeting's brief repeats the ineffective assistance of counsel allegations and, for the same reasons applying to the arguments in his petition, are without merit.

## D. Summary

As stated above, although this Court finds Sweeting's claims are not procedurally barred, and therefore not barred by the statute of limitations, his claims are without merit and his petition for a writ of habeas corpus should be denied.

His claims are not procedurally barred because, after review of the applicable Virginia and federal law, his second notice of appeal was properly filed in the Circuit Court for the City of Newport News. As a result of his notice of appeal being properly filed, under § 2241(d)(2), the statute of limitations was tolled until the Supreme Court of Virginia finally dismissed his petition for appeal on March 24, 2009. Nevertheless, his claims of ineffective assistance of counsel are without merit because in each such allegation Sweeting fails to demonstrate errors on behalf of his counsel that rise to the level of professional incompetence so as not to be functioning as "counsel" under the sixth amendment. As a result, the petition for a writ of habeas corpus should be denied.

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends that: Sweeting's Motion for an Evidentiary Hearing [Doc. No. 13] be DENIED; Respondent's Motion to Dismiss [Doc. No. 9] be GRANTED, and the petition for a Writ of Habeas Corpus [Doc. No. 1] be DENIED.

Furthermore, Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v.*

17

*Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, 467 U.S. 1208 (1984).

_____/s/_____

Tommy E. Miller

United States Magistrate Judge

Norfolk, Virginia

December 7, 2009

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Keith Darniel Sweeting, #1167527
Wallens Ridge State Prison
P.O. Box 759
Big Stone Gap, VA 24219


Joshua M. Didlake, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

Fernando Galindo, Clerk

By /s/ *[signature]*
Deputy Clerk

December 7, 2009