UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
JAN -5 2010
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

KENNETH DARNIEL SWEETING, #1167527,

    Petitioner,

v.

    ACTION NO. 2:09cv252

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of Petitioner's constitutional rights pertaining to his convictions for: possession of a firearm by a convicted felon; possession of marijuana with intent to distribute; the manufacture, sale or distribution of a controlled substance; and possession of a firearm while distributing or possessing with intent to distribute a controlled substance on October 28, 2005, in the Circuit Court for the City of Newport News. As a result of these convictions he was sentenced to a term in the Virginia penal system of: two years imprisonment for the conviction of possession of a firearm as a convicted felon; five years imprisonment, with five years suspended, for the conviction of possession of marijuana with intent to distribute; ten years imprisonment, with ten years suspended, for the conviction of the manufacture, sale or distribution of a controlled substance; and five years imprisonment for the conviction of the possession of a firearm while distributing or possessing with intent to distribute a controlled substance.

The petition was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Local Civil Rule 72 of the Rules of the United States District

Court for the Eastern District of Virginia for report and recommendation. The Magistrate Judge's Report and Recommendation filed December 7, 2009 recommends dismissal of the petition. Each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. On December 28, 2009 the Court received Petitioner's Objections to the Report and Recommendation.

The thrust of Petitioner's objection is the belief that his attorney was ineffective because he failed to object to the trial testimony of the investigating detective when the detective previously made contradictory statements in a search-warrant affidavit. Although the Petitioner mistakenly focuses on the alleged false statement of the detective, as well as his attorney in the attorney's affidavit, the correct issue centers on whether Petitioner's attorney was ineffective for failing to challenge the testimony. On this, the law is fairly clear. In similar situations various courts have come to the conclusion that a failure to impeach a witness, or challenge the veracity of his testimony, does not automatically rise to a constitutional deprivation of the right to effective counsel. *See generally Hoots v. Allsbrook*, 785 F.2d 1214, 1221 (4th Cir. 1986) (holding defense counsel's failure to impeach state's only identification witness by her criminal record consisting of misdemeanor convictions for worthless checks did not constitute ineffective assistance of counsel); *United States v. Sanchez-Galvez*, 33 F.3d 829, 835 (7th Cir. 1994) (holding defendant's prior drug conviction was not secured due to constitutionally defective representation, where counsel was not ineffective in failing to pursue line of inquiry about whether arresting officers manufactured arrest); *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983) (holding trial counsel's decision not to attack witness's credibility was a matter of trial tactics, where witness had committed perjury in another judicial hearing); *Greene v. Lafler*, 447 F.Supp.2d 780, 794 (E.D.Mich. 2006) (holding that the defendant in robbery prosecution was not denied effective assistance of counsel due to trial counsel's failure

to introduce evidence of perjury where discrepancies in victim's testimony were minor). Moreover, in this case, the alleged perjured affidavit led to a search-warrant for DNA which did not yield the Petitioner's DNA on the firearm. [Br. Opp'n at 14] [Doc. No.18]. Thus, the Petitioner was convicted without a link to DNA evidence on the firearm, so objection to the detective's testimony would have had little effect on the outcome of the case, and therefore fail the second prong of the *Strickland* test. *See Strickland v. Washington*, 466 U.S. 668, 688-89 (1984). Furthermore, while Petitioner alleges that the detective's credibility would have been called into question had counsel objected to or impeached his trial testimony, Petitioner admits his "case revolved around the possession of a weapon that was found on the ground" and not the singular testimony of a lone witness. [Br. Opp'n at 14].

Petitioner also challenges his counsel's effectiveness for failing to request the firearm be shown in plain-view at trial, and for failing to request a list of the Commonwealth's witnesses. The Petitioner brings forth no new arguments in support of these assertions, therefore the Court accepts the findings and recommendations set forth in the report of the United States Magistrate Judge as to these claims.

The Court, having reviewed the record and examined the objections filed by Petitioner to the Report and Recommendation, and having made *de novo* findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report and Recommendation filed December 7, 2009. It is, therefore, ORDERED that the petition be DENIED and DISMISSED. It is further ORDERED that judgment be entered in favor of Respondent. Finally, Petitioner's request for an evidentiary hearing, [Doc. No. 19], is also DENIED.

Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b)

of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Petitioner is hereby notified that he may appeal from the judgment entered pursuant to this Final Order by filing a *written* notice of appeal with the Clerk of this court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within 30 days from the date of entry of such judgment.

The Clerk shall mail a copy of this Final Order to Petitioner and counsel of record for Respondent.

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 5, 2010